Jones *v.* Eaton.

---

REUBEN JONES, *in Review, versus* ELIAB EATON.

Where a review is granted, in cases in which the petitioner is not entitled to it as a matter of right, it may be done on such terms and conditions as the Court may deem reasonable.

If a review is granted, unless the defendant in review performs certain acts, performance of the conditions may be pleaded *in bar* of the action of review.

Whether a defective *jurat* to a plea in abatement may be amended, *quaere.*

ON EXCEPTIONS and REPORT.

WRIT OF REVIEW. The defendant pleaded in abatement, that the review was granted only in case defendant should fail to comply with certain terms, and alleged that he had complied with the terms.

The language of the *jurat* to this plea was, —" Subscribed

and sworn to, before me," &c.   The plaintiff filed a motion
to dismiss the plea for want of a sufficient *jurat;* which mo-
tion the Court denied, and allowed the magistrate to amend
the *jurat* according to the facts, on defendant's motion.   The
plaintiff then moved to dismiss the plea for other reasons
stated in the opinion, but the motion was denied.

To these several rulings the plaintiff excepted.

The plaintiff then filed a replication to the plea, on which
an issue of fact was joined, the testimony taken, and the
case reported to the Law Court.

*Whitcomb,* in support of exceptions.

*J. S. Abbott, contra.*

The opinion of the Court was drawn up by

APPLETON, C. J. — When the petition for this writ was
heard, a review was granted, *unless* the defendant should
within a definite time comply with certain terms deemed by
the presiding Judge as just and reasonable.   It is claimed
that they have been complied with.   Notwithstanding this,
it is insisted that the writ properly issued.   The ground
taken, is, that the granting or denying a writ of review ac-
cording as certain conditions are or are not complied with,
is erroneous.   In other words, it is urged that a review
must be granted or refused absolutely, and that the Court
have no discretion as to the imposition of terms.

By R. S., 1858, c. 82, § 4, "when judgment is rendered
on default of an absent defendant," he is entitled, in cases
within that section, to a review as "of right."   That the
review under that section "is a matter of right" is fully
recognized by R. S., 1858, c. 89, §5.   But the case before
us is not within the purview of either of the sections, to
which reference has been made.

When a review is not "of right," its allowance or refusal
rests wholly upon judicial discretion.   "When a case is
presented on a motion or petition for a new trial, or for a
review," remarks SHEPLEY, J., in *Tuttle* v. *Gates,* 24 Maine,

397, "for any cause not arising out of an illegal or erroneous act of the Court, a new trial may be granted or refused by the Court in the exercise of its legal discretion. It cannot be claimed as a matter of right. And, in such cases, it may be done upon such terms and conditions imposed, as the Court may consider reasonable." Such appears to have been the practice of this Court. *Howard* v. *Grover*, 28 Maine, 97; *Hobbs* v. *Bevens*, 33 Maine, 233; *Jewell* v. *Gage*, 42 Maine, 247; *Withers* v. *Larrabee*, 48 Maine, 570.

The plaintiff having sued out this writ, the defendant pleaded certain facts in abatement. But this plea may be regarded as defective for want of a sufficient *jurat*. *Fogg* v. *Fogg*, 31 Maine, 302.

But, if the whole record be examined, it will be seen that a review was not granted absolutely, but only on the happening of a certain contingency. The plaintiff has only a modified and conditional right to a review. The defendant negatives this by proof of performance of what, if done and performed by him, would prevent the issuing of the writ. The facts were set forth in the plea in abatement, but we think they constitute a bar to all further proceedings. According to the analogies of pleading, they should have been pleaded by way of answer to the plaintiff's writ, rather than in abatement thereof.

It is objected that the release filed contains no discharge of dower. This not having been required, the defendant was not bound to procure it.           *Plaintiff nonsuit.*

RICE, DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.